*877 ON MOTION TO REVIEW AND DISCHARGE ORDER REQUIRING SUPERSEDEAS BOND
HOBSON, Chief Judge.
Appellant filed a motion to review and discharge an order of the lower court requiring the State of Florida to post a super-sedeas bond. The facts involved in this cause are as follows:
The appellee wrote a letter to the lower court in which he complained of an inaccuracy in the computation of his sentence, which letter was treated by the lower court as a petition for writ of habeas corpus. After proper notice to the appellant and the disposition of a preliminary motion the lower court after a final hearing discharged the appellee. Thereafter the appellant filed its notice of appeal and the appellee filed a motion to require supersedeas bond pursuant to Rule 5.12, Florida Appellate Rules, 1962 Revision, 32 F.S.A. After a hearing on the motion to require supersedeas bond the lower court entered its order requiring the State of Florida to post a supersedeas bond in the amount of $10,000. It is this order that the appellant attacks and requests this court to review.
Rule 5.12, Florida Appellate Rules, 1962 Revision, provides as follows:
“RULE 5.12. Supersedeas Bond not Required of the State and its Political Subdivisions and Their Boards, Commissions, etc.; Security When Required
(1) When Security Not Required.— When the state or any of its political subdivisions, or any officer, hoard, commission or other public body of the state or any of its political subdivisions, in a purely official capacity, takes an appeal or petitions for certiorari, the filing of the notice of appeal or the petition for certiorari as the case may be shall perfect the same and stay the execution or performance of the judgment, decree or order being reviewed and no supersedeas bond need be given unless expressly required by the court.
(2) Court May Require Bond. — The court may, on motion for good cause shown, require a supersedeas bond or other security, in such amount, form and manner as it may prescribe as a condition for the further prosecution of the appeal or certiorari.” (Emphasis supplied.)
This rule specifically provides that the State need not post a supersedeas bond when taking an appeal or petitions for certiorari unless expressly required by the court and on good cause shown the court may require the State to post a supersedeas bond as a condition for the further prosecution of an appeal or certiorari.
Under Rule 1.3, Florida Appellate Rules, 1962 Revision, entitled “Definitions,” we find the definition of “court” to be as follows :
“ ‘Court’ means the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of their appellate jurisdiction.” (emphasis supplied)
Under the definitions in Rule 1.3 we find the definition of “lower court” to be as follows:
“ ‘Lower Court’ means the court or agency, board, commission or body whose decision, judgment, decree or order is being reviewed or whose act is in question”.
When applying the definition of “court” under Rule 1.3 to Rule 5.12, we find that the circuit court in this cause has no authority under Rule 5.12 to require the State of Florida to post a supersedeas bond in these proceedings.
Section 59.14(1) (2), Florida Statutes 1967, F.S.A., from which Rule 5.12 was patterned specifically spells out “appellate court” where “court” is used in Rule 5.12. In fact, the statute and the rule are identical with the exception that the rule includes petitions for certiorari as well as *878 appeals and the use of the word “court” instead of the words “appellate court.”
The reason for the omission of the word “appellate” from Rule 5.12 is clear because Rule 1.3 has defined the word “court” to mean only a court acting under appellate jurisdiction.
Having held that the lower court does not have authority under Rule 5.12, Florida Appellate Rules, 1962 Revision, to require the supersedeas bond under review we must discharge said bond. However, we draw to the lower court’s attention Rule 1.820(b) CrPR, 33 F.S.A., which provides as follows:
“(b) Pending a review of a decision discharging a prisoner on habeas corpus, he shall be discharged upon bail, with sureties to be approved as other bail bonds are approved, for his appearance to answer and abide by the judgment of the appellate court.”
This rule specifically sets out the requirements to be followed pending the review of a decision discharging a prisoner on habeas corpus and should have been followed by the lower court in this cause.
The motion of the appellant to discharge the supersedeas bond is granted and the lower court directed to discharge the ap-pellee upon bail as provided under Rule 1.820 CrPR.
LILES, J., concurs.
MANN, J., concurs specially.